**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSARIO, Appellant.**

Police officers went to defendant's apartment immediately upon being told by two young girls that defendant had raped them. One of the victims knocked on the door while the officer remained out of sight. Defendant opened the door and stated that he had another girl inside. The police officers identified themselves and arrested defendant at the doorway of his apartment. Defendant, who wore nothing above the waist, was told to get a shirt. The police officers followed defendant into his apartment as he went to retrieve his shirt. An adult woman was inside the apartment. Informed by a police officer at the precinct that he was being charged with rape, defendant made an incriminating statement.

Defendant's statement was admissible since his arrest at the doorway of his apartment did not implicate *Payton* rights. *(See, People v Nonni,* 141 AD2d 862, *lv denied* 72 NY2d 960, 73 NY2d 788.)* In any event, assuming the existence of a *Payton* issue, the hearing court correctly concluded that defendant's *Payton* rights were not violated since the officers had his consent to follow him into the apartment to retrieve his shirt *(People v Taylor,* 111 AD2d 520). Furthermore, since defendant announced that he had another girl in the apartment, there was an objective reasonable basis for the hearing court to conclude that there were exigent circumstances *(People v Anderson,* 127 AD2d 774).

The sentence imposed was not excessive. Defendant took advantage of the poverty of young girls to satisfy his own deviant sexual desires. Concur—Sullivan, J. P., Milonas, Ellerin and Kupferman, JJ.