◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIN CHUL SHIN, Appellant. [607 NYS2d 369] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered July 24, 1991, as amended September 3, 1991, convicting him of attempted murder in the second degree, assault in the first degree (three counts), criminal possession of a weapon in the third degree, and reckless endangerment in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Berkowitz, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony and a statement made by him to the police.

Ordered that the judgment, as amended, is affirmed.

The defendant's contention that identification testimony and a statement made by him to the police should have been suppressed as the purported fruits of an unlawful arrest is without merit. The defendant's arrest at the doorway of his apartment did not violate *Payton v New York* (445 US 573). The rule of *Payton* prohibits the police from crossing the threshold of a suspect's home to effect a warrantless arrest absent exigent circumstances or the suspect's consent to the entry of the police into his home *(see, Payton v New York, supra; People v Minley,* 68 NY2d 952). The doorway to a private residence has been held to be a public place for purposes of Fourth Amendment analysis, since the defendant has no legitimate expectation of privacy while standing there,

exposed to public view *(see, United States v Santana,* 427 US 38; *People v Rosario,* 179 AD2d 442; *People v Anderson,* 146 AD2d 638; *People v Nonni,* 141 AD2d 862).

The defendant further contends that the court erred by denying his request for a missing witness charge with respect to a witness at the scene of the shooting. This contention is without merit as the People met their burden of establishing that the testimony would have been cumulative *(see, People v Lucas,* 177 AD2d 599; *People v Morris,* 168 AD2d 464).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contention and find it to be without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.