■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY FRANCIS, Appellant. [619 NYS2d 71] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered July 22, 1991, convicting him of attempted murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to the police.

Ordered that the judgment is affirmed.

The defendant's contention that identification testimony and statements made by him to the police should have been suppressed as the purported fruits of an unlawful arrest is without merit. The defendant's arrest at the doorway of his apartment did not violate *Payton v New York* (445 US 573). The rule of *Payton* prohibits the police from crossing the

threshold of a suspect's home to effect a warrantless arrest absent exigent circumstances or the suspect's consent to the entry of police into his home *(see, People v Payton, supra; People v Minley,* 68 NY2d 952). The doorway to a private residence has been held to be a public place for purposes of Fourth Amendment analysis, since the defendant has no legitimate expectation of privacy while standing there, exposed to public view *(see, United States v Santana,* 427 US 38; *People v Rosario,* 179 AD2d 442; *People v Anderson,* 146 AD2d 638; *People v Nonni,* 141 AD2d 862).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of attempted murder in the first degree. Here, the defendant removed a gun hidden in a stolen car next to where he was standing and shot a police officer standing nearby with his back to the defendant. While the defendant contends he did not intend to kill the officer, an intent to kill may be readily inferred from the fact that he directed the gun towards the officer and pulled the trigger *(see, People v Orama,* 150 AD2d 505; *People v Milea,* 112 AD2d 1011, 1013). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.