■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SCHIAVO and B & S SALVAGE, INC., Appellants. [623 NYS2d 273] —Appeal by the defendants from two judgments of the County Court, Nassau County (Harrington, J.) (one as to each of them), both rendered June 15, 1993, convicting each of them of criminal possession of stolen property in the fourth degree (two counts), upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendants' joint omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

On appeal, the defendants contend that the County Court erred in denying the branch of their omnibus motion which was to suppress physical evidence because the police violated *Payton v New York* (445 US 573), by arresting the defendant Robert Schiavo inside his home without a warrant. We disagree. Although *Payton* prohibits the police from crossing the threshold of a suspect's home to effect a warrantless arrest absent exigent circumstances or the suspect's consent to police entry *(see, Payton v New York, supra; People v Minley,* 68 NY2d 952), the doorway to a private residence has been held to be a public place for purposes of Fourth Amendment analysis because a defendant has no legitimate expectation of privacy while standing in his doorway exposed to public view *(see, United States v Santana,* 427 US 38; *People v Francis,* 209 AD2d 539; *People v Min Chul Shin,* 200 AD2d 770; *People v Nonni,* 141 AD2d 862). The record amply supports the hearing court's finding that Schiavo voluntarily came to the front door of his residence after his niece informed him that the police had arrived to arrest him, and that the arrest was effectuated in the doorway. Accordingly, Schiavo's arrest did not implicate *Payton* rights *(see, People v Francis, supra; People v Min Chul Shin, supra; People v Rosario,* 179 AD2d 442). In any event,

we note that contrary to Schiavo's assertion, the hearing record further supports the court's conclusion that he consented to allow the officers to enter his residence while he dressed *(see, People v Rosario, supra; People v Nonni, supra)*.

The defendants' further contention that their statutory right to a speedy trial was violated by the People's post-readiness delay in submitting the Grand Jury minutes to the County Court for its inspection is unpreserved for appellate review since this delay occurred after the defendants filed their speedy trial motion, and is raised for the first time on appeal *(see, People v Bacchi,* 186 AD2d 663). In any event, the People's production of the Grand Jury minutes within 18 days of the defendants' motion for inspection was reasonable, and, consequently, this period of delay is not chargeable to the People *(see, People v Harris,* 82 NY2d 409).

In addition, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the value of the stolen automobile parts in the defendants' possession exceeded $1,000, and that the defendants' guilt of criminal possession of stolen property in the fourth degree was thus established beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find that the sentence imposed upon Schiavo was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780). Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.