Gary FRANCIS, Petitioner,

v.

**David MILLER, Superintendent, Eastern Correctional Facility, Respondent.**

**No. 00 CV 2965(NG).**

United States District Court, E.D. New York.

Feb. 28, 2002.

Gary Francis, Pro Se.

No appearance, for respondent.

## ORDER

GERSHON, District Judge.

Pursuant to this court's order dated October 17, 2000, petitioner has submitted supplemental papers in support of his argument for equitable tolling which, together with petitioner's submissions in support of his application for a certificate of appealability, have been considered in response to this court's order to show cause why the petition should not be dismissed for untimeliness under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d).[1]

---

1. On July 31, 2000, this court *sua sponte* dismissed petitioner's renewed petition for a writ of habeas corpus for untimeliness. The Court of Appeals dismissed petitioner's appeal

Petitioner was convicted in New York State Supreme Court, Kings County, after a jury trial of attempted murder in the first degree (N.Y. Penal Law §§ 110, 125.27(1)(a)(i)) and criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03). He was sentenced as a second violent felony offender to concurrent terms of twenty years to life and seven and a half to fifteen years of imprisonment. The Appellate Division, Second Department, affirmed the conviction on November 14, 1994, *People v. Francis*, 209 A.D.2d 539, 619 N.Y.S.2d 71, and leave to appeal to the New York Court of Appeals was denied on March 15, 1995, 85 N.Y.2d 909, 627 N.Y.S.2d 331, 650 N.E.2d 1333. Since his conviction became final before AEDPA's enactment, petitioner had one year from AEDPA's effective date, until April 24, 1997, to file his habeas corpus petition. *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998).

On March 14, 1997, petitioner, at the time represented by retained counsel, filed a motion in state court to vacate the conviction and sentence pursuant to N.Y. Criminal Procedure Law §§ 440.10 and 440.20, on the grounds that trial counsel provided ineffective assistance and that the sentence was unauthorized and illegal. On March 17, 1997, petitioner filed a petition for a writ of habeas corpus in this court, raising the following claims: (1) tainted evidence that was the fruit of an illegal warrantless arrest of petitioner in his home was improperly admitted at trial; (2) the evidence of intent to commit murder was insufficient; (3) the trial court gave an erroneous jury instruction on interested witnesses; (4) the prosecutor's summation was improper; (5) petitioner received inef-fective assistance of trial counsel; and (6) the sentence was illegal. The federal petition was dismissed without prejudice on March 26, 1997 because petitioner's claim of ineffective assistance of trial counsel had not yet been exhausted. The state trial court denied petitioner's post-conviction motion with opinion on April 23, 1997, and petitioner did not seek further review of that decision in the Appellate Division. Petitioner did not renew his petition for a writ of habeas corpus in this court until May 19, 2000, when he mailed this *pro se* petition, almost three years after his time to file the petition had expired even after taking into consideration the tolling provision of 28 U.S.C. § 2244(d)(2), which excludes the time during which petitioner's application for post-conviction relief in state court was pending from the calculation of the one-year period of limitation. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the limitations period begins to run). The renewed petition, like the earlier petition, raises claims of improper admission of tainted evidence, insufficient evidence of intent and prosecutorial misconduct in summation, and also claims that the sentence is excessive.

■ Equitable tolling of AEDPA's statute of limitations is available only upon a showing that "extraordinary" circumstances prevented the petitioner from timely filing his petition. Moreover, the petitioner must demonstrate that he exercised reasonable diligence throughout the

---

from that order without prejudice to its reinstatement after this court ruled upon petitioner's request for a certificate of appealability. Instead, I vacated that dismissal in the October 17, 2000 order based upon the interven-ing decision of the Court of Appeals in *Acosta v. Artuz*, 221 F.3d 117 (2d Cir.2000), in order to provide petitioner with an opportunity to be heard on the timeliness issue and to justify his delay in filing the renewed petition.

period sought to be tolled. *Valverde v. Stinson*, 224 F.3d 129, 133–34 (2d Cir. 2000); *Smith*, 208 F.3d at 17. The term "prevented" requires the petitioner to "'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir.2001), quoting *Valverde*, 224 F.3d at 134. Petitioner's explanation of the delay is insufficient to satisfy this heavy burden. Petitioner claims that counsel abandoned him by not appealing the state court's denial of his Section 440 motion or filing a new federal habeas corpus petition. Petitioner knew, however, that he had been "abandoned" by counsel in 1997 and simply claims that he was unable to get sufficient legal assistance thereafter in making further applications in either state or federal court. The mere fact that counsel declined to continue to represent petitioner does not justify petitioner's inaction for almost three years. *Cf. Iavorski v. United States Immigration & Naturalization Service*, 232 F.3d 124, 134 (2d Cir.2000) (equitable tolling of deadline for motion to reopen deportation proceeding was not warranted where petitioner failed to check status of appeal for two years even though he had reason to know that counsel had abandoned him). *See also Warren v. Garvin*, 219 F.3d 111, 113–14 (2d Cir.), *cert. denied*, 531 U.S. 968, 121 S.Ct. 404, 148 L.Ed.2d 312 (2000) (after a timely-filed first petition had been dismissed without prejudice to allow petitioner to exhaust new claims in state court, petitioner's second habeas corpus petition was dismissed as untimely because of petitioner's inexcusable delay in refiling it).

Petitioner's further assertions—that he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, had limited access to legal assistance that was available to prisoners, and was allowed limited use of the prison law library—also are not extraordinary circumstances that warrant equitable tolling for the extended period of delay in this case. *See Smith*, 208 F.3d at 18 (petitioner's pro se status does not merit equitable tolling); *Chan v. United States*, 2000 WL 1843290, at *2 (E.D.N.Y. Oct.25, 2000) (that petitioner "must rely on inmate jail house lawyers" and that his attempts to obtain legal advice from fellow inmates "have not been fruitful" did not qualify as extraordinary circumstances); *Stokes v. Miller*, 2000 WL 1121364, at *3 (S.D.N.Y. July 21, 2000) (rejecting equitable tolling based on alleged difficulty in gaining access to prison law library and its staff); *Martinez v. Kuhlmann*, 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000) ("Problems such as difficulty with the English language and insufficiency of legal assistance are not 'extraordinary' such that they warrant equitable tolling").

For these reasons, the petition for a writ of habeas corpus is dismissed for untimeliness. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**SO ORDERED.**