Daniel BRILL, Petitioner,

v.

**SUPERINTENDENT, ONEIDA CORRECTIONAL FACILITY, Respondent.**

No. 03–CV–0190 (ADS).

United States District Court, E.D. New York.

Aug. 20, 2003.

Sanford Meltzer, Esq., Meltzer Law Offices, Syracuse, NY, for Petitioner.

Denis Dillon, Nassau County District Attorney by John F. McGlynn, Assistant District Attorney, Mineola, NY, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Daniel Brill ("Petitioner" or "Brill") petitions for a writ of habeas corpus from his 1995 conviction in state court, pursuant to 28 U.S.C. § 2254.

## UNDERLYING FACTS AND PROCEDURAL HISTORY

On February 28, 1994, the Petitioner was home alone with his live-in companion's six-year old daughter, Monique. Evidence at the trial established that the Petitioner sexually abused and sodomized her. Monique told her mother and two sisters of the incident later that same day.

On June 5, 1995, Petitioner was convicted after a jury trial in the County Court, Nassau County, of one count of Sodomy in the First Degree (N.Y. Penal Law § 130.50(3)), two counts of Sexual Abuse in the First Degree (N.Y. Penal Law § 130.65(3)), and one count of Endangering the Welfare of a Child (N.Y. Penal Law § 260.10(1)). The Petitioner was sentenced to indeterminate prison terms of five to fifteen years for the sodomy conviction, two and one-third to seven years for each of the two sexual abuse convictions, and one year for the endangering the welfare of a child conviction, to run concurrently.

On December 8, 1997, the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), affirmed the Petitioner's judgment of conviction. See People v. Brill, 245 A.D.2d 384, 666 N.Y.S.2d 195 (2d Dep't 1997). On January 14, 1998, the New York Court of

Appeals denied the Petitioner's request for leave to appeal. *See People v. Brill*, 91 N.Y.2d 889, 669 N.Y.S.2d 3, 691 N.E.2d 1029 (1998).

On July 18, 2002, the Petitioner filed a writ of error coram nobis on the grounds of ineffective assistance of appellate counsel. On October 15, 2002, the Appellate Division denied the application because the Petitioner "failed to establish that he was denied the effective assistance of counsel." *People v. Brill*, 298 A.D.2d 460, 748 N.Y.S.2d 281 (2d Dep't 2002).

On November 25, 2002, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that: (1) he was "convicted on sworn testimony of [a] child statutorily under age to be sworn"; (2) "improper hearsay [evidence was] admitted to bolster [the] testimony of the child"; (3) "the evidence was insufficient to convict when [the] unlawful evidence [is] excised"; and (4) he was deprived of the effective assistance of appellate counsel. (Pet. at 5–6).

On March 28, 2003, the Respondent filed a motion to dismiss the petition as untimely.

### DISCUSSION

■ The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner file his or her petition for a writ of habeas corpus within one year from the date the conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(a); *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir.2001); *Wims v. U.S.*, 225 F.3d 186, 189 (2d Cir.2000). A conviction becomes final for AEDPA purposes at the conclusion of a petitioner's direct appeal to the highest state court, and the time to seek a writ of certiorari with the Supreme Court of the United States has expired. *See Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir.2001). A petition for a writ of certiorari must be filed within ninety days after the conclusion of the petitioner's direct appeal. *See Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998).

Applying these principles, Petitioner has failed to comply with AEDPA's time restrictions. Petitioner's direct appeal concluded on January 14, 1998, when the New York Court of Appeals denied his request for leave to appeal. Petitioner did not file a petition for a writ of certiorari, so his conviction became final for AEDPA purposes ninety days later, or on April 15, 1998. Petitioner thus had one year, or until April 15, 1999, to file a federal habeas corpus petition. Petitioner did not commence this action, however, until November 25, 2002, long after his April 15, 1999 deadline had expired. The instant petition is therefore untimely.

■ However, the AEDPA's limitation period may be tolled under certain circumstances, including the period when "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Such an application is "pending" for AEDPA purposes from the time the action is filed until the highest available appellate court renders its decision. *See Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S.Ct. 2134, 2137–38, 153 L.Ed.2d 260 (2002).

Here, Petitioner did not file his application for a writ of error coram nobis until July 18, 2002. The application was pending in the Appellate Division for eighty-eight days until it was denied on October 15, 2002. Even if the AEDPA's limitation period were tolled for the period of the application's pendency, and the Petitioner's deadline was thereby extended eighty-eight days to June 14, 1999, the Petitioner's habeas corpus petition would still be untimely.

A federal district court may nevertheless review an untimely petition if equitable tolling principles apply. The limitations period may only be tolled where it is demonstrated that "exceptional circumstances" prevented a petitioner from filing a timely habeas petition, and that the petitioner "acted with reasonable diligence throughout the period he [or she] seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.2000) (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000)). To satisfy these requirements, the petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000).

 Petitioner has failed to demonstrate a circumstance that would warrant equitable tolling in this case. His claimed inability to afford or retain legal counsel within the period necessary to file a timely habeas corpus petition does not constitute an "exceptional circumstance" that would justify the application of equitable tolling. *See Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D.N.Y.2002) ("Petitioner's ... assertions—that he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, had limited access to legal assistance that was available to other prisoners, and was allowed limited use of the prison law library—also are not extraordinary circumstances that warrant equitable tolling") (citing *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir.2000) (providing that a petitioner's pro se status does not warrant equitable tolling)).

Because Petitioner has failed to meet AEDPA's limitation period, his petition must be dismissed as untimely. Accordingly, Brill's petition for a writ of habeas corpus is denied.

## CONCLUSION

For the foregoing reasons, Brill's petition for a writ of habeas corpus is DENIED. Pursuant to Fed. R.App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Brill has not made a substantial showing of a denial of a constitutional right. *See Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090; *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**