■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Appellant. [786 NYS2d 781]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 11, 2002. The judgment convicted defendant, after a nonjury trial, of grand

larceny in the fourth degree and criminal trespass in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a bench trial, of grand larceny in the fourth degree (Penal Law § 155.30 [5]) and two counts of criminal trespass in the second degree (§ 140.15). We reject the contention of defendant that Supreme Court erred in denying his motion to suppress statements that he made to the police. The record of the suppression hearing establishes that the statements made by defendant before he received his *Miranda* warnings were the result of investigatory rather than custodial questioning and thus were admissible (*see People v Panek*, 305 AD2d 1098, 1098-1099 [2003], *lv denied* 100 NY2d 623 [2003]; *People v Spencer*, 289 AD2d 877, 879 [2001], *lv denied* 98 NY2d 655 [2002]). In addition, the record of the suppression hearing establishes that the subsequent statements of defendant were made after he knowingly, intelligently and voluntarily waived his *Miranda* rights (*see People v Coleman*, 306 AD2d 941 [2003], *lv denied* 1 NY3d 596 [2004]). The further contention of defendant that his arrest at the threshold of his home was in violation of *Payton v New York* (445 US 573 [1980]) is unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, is lacking in merit (*see People v Min Chul Shin*, 200 AD2d 770 [1994], *lv denied* 83 NY2d 913 [1994]).

Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495), and the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.