■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY COPELIN, Appellant. [810 NYS2d 671]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered May 13, 2003, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the defendant concedes, his argument that certain evidence should have been suppressed because of a *Payton* violation (*Payton v New York*, 445 US 573 [1980]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the argument is without merit (*see People v Schiavo*, 212 AD2d 816 [1995]; *People v Anderson*, 146 AD2d 638, 640 [1989]).

The defendant's challenge to the legal sufficiency of the evi-

dence is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray, supra*). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that it was error to deny his belated application to suppress a statement is unpreserved for appellate review. In any event, that claim and his claim of ineffective assistance of counsel are without merit.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Adams, J.P., Crane, Spolzino and Dillon, JJ., concur.