(October 17, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESCHELL ASHCROFT, Appellant. [823 NYS2d 23]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J., at hearing; Joan C. Sudolnik, J., at jury trial and sentence), rendered March 6, 2003, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There was no violation of *Payton v New York* (445 US 573 [1980]). After the police identified themselves and asked to speak with him, defendant, who had minutes earlier made a sale to an undercover officer, voluntarily opened his door. The police did not violate defendant's Fourth Amendment rights when they reached in and pulled him out as he stood in close proximity to his doorway, since, by his actions, defendant knowingly and voluntarily presented himself for public view (*see United States v Santana*, 427 US 38, 42-43 [1976]; *People v Rosario*, 179 AD2d 442 [1992], *lv denied* 79 NY2d 1053 [1992]; *People v Nonni*, 141 AD2d 862, 863 [1988], *lv denied* 72 NY2d 960 [1988]; *see also People v Kozlowski*, 69 NY2d 761 [1987]; *compare People v Levan*, 62 NY2d 139, 145 [1984]).

When a prospective juror initially revealed a state of mind that might preclude impartial service, the trial court obtained an unequivocal assurance of the panelist's commitment to follow an instruction that no adverse inference was to be drawn from defendant's failure to testify. Viewed in context, his use of the phrase "I think so" was not disqualifying (*see People v Chambers*, 97 NY2d 417, 419 [2002]), and we do not interpret the phrasing of his final remark as undermining the unequivocal assurance he had just given. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Gonzalez, JJ.