■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRISON BURCH, Appellant. [873 NYS2d 576]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at summary denial of *Dunaway* hearing; Michael A. Corriero, J., at jury trial and sentence), rendered October 10,

2007, convicting defendant of attempted assault in the second degree, criminal possession of a weapon in the third degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

Summary denial of defendant's motion for a *Dunaway* hearing was proper since defendant's allegations failed to raise a legal basis for suppression (*see People v Lopez*, 5 NY3d 753 [2005]; *People v Mendoza*, 82 NY2d 415 [1993]). Defendant was fully aware that his arrest was based on the complaint of a citizen victim regarding an incident that occurred prior to his arrest, and his denials of any wrongdoing at the time of his arrest did not identify any Fourth Amendment issue to be resolved at a hearing (*see People v Roldan*, 37 AD3d 300 [2007], *lv denied* 9 NY3d 850 [2007]). This was not a case where "[b]ased upon . . . meager information, defendant could do little but deny participation in the [crime]" (*People v Hightower*, 85 NY2d 988, 990 [1995]). In any event, defendant did not even explicitly deny committing the crime.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Renwick, JJ.