■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINCY TYNER, Appellant. [603 NYS2d 630] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 17, 1992, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and conspiracy in the fourth degree.

Defendant contends that County Court erred in denying his motion to suppress statements he made and evidence recovered as a consequence of defendant's flight from approaching police. Defendant also argues that the sentence of consecutive terms of imprisonment of 1⅓ to 4 years and 8⅓ years to life upon his guilty plea is harsh and excessive.

The attention of the police was initially drawn to defendant when they noticed his "nervous" behavior while he was waiting for a bus to New York City in a bus terminal in the City of Binghamton, Broome County. The following day, the police again observed defendant in the terminal arriving on a bus from New York City. Defendant was carrying a knapsack and a white plastic bag and, as on the previous day, appeared to be "nervous". As the result of prior arrests and information from confidential informants, the police knew that drugs were brought into Binghamton via bus from New York City and the area was known for its drug activity. Defendant changed seats a number of times and kept looking around nervously. At one point, defendant left his knapsack and Walkman in a seat and went upstairs to the men's room, keeping the plastic bag in his possession.

Upon returning to his seat, the police determined to approach defendant, whereupon a uniformed police officer with his dog began walking in defendant's direction. When the uniformed police officer was about 20 feet away, defendant jumped to his feet, threw his knapsack to the ground and bolted toward the door with the plastic bag. As defendant approached the door, a plainclothes police officer was entering from outside. Defendant collided with the police officer, knocking him to the ground, and ran across the street with the police in pursuit. Defendant then entered a building, ran down a hallway to a cul de sac, turned and ran back toward the police raising his fist as if to hit them. The first police officer in defendant's path ducked, grabbed defendant about the waist and the two fell to the ground, causing the plastic bag to fall to the floor spilling some of its contents. At that time the police saw plastic sandwich baggies containing a white powdery substance which they believed to be cocaine. Upon examining the bag, it was found to contain approximately 200 vials of what later proved to be cocaine, as well as five ounces of unpackaged cocaine. Defendant was then arrested.

To be sure, there is support in the record for the suppression court's finding that the police had an objective credible reason to approach defendant (see, *People v Hollman,* 79 NY2d

181). While defendant's flight could not, in and of itself, create a reasonable suspicion of criminal activity justifying pursuit and detention *(see, People v May,* 81 NY2d 725), his flight when considered in conjunction with all the other attendant circumstances could and did *(see, People v Martinez,* 80 NY2d 444). Given the fact that the location was known to be one where narcotics were frequently brought to Binghamton from New York City, the fact that defendant was seen leaving personal articles of value behind while retaining the plastic bag and going to the rest room, the fact that upon seeing a police officer some 20 feet away defendant inexplicably bolted leaving his knapsack behind, but retaining the plastic bag and then "bowling over" a person entering the building in his haste to get away, established "the necessary reasonable suspicion * * * such that pursuit by the officers was justified" *(People v Leung,* 68 NY2d 734, 736). Inasmuch as the police were justified in pursuing defendant, the inadvertent viewing of the baggies containing a white powder which were dropped by defendant when police attempted to detain him provided probable cause for his arrest *(see, People v Rodriguez,* 165 AD2d 705, *lv denied* 76 NY2d 1024; *People v Gutierrez,* 129 AD2d 463, *appeal dismissed* 70 NY2d 782).

Finally, defendant was allowed to plead guilty to a class A-II felony and a class E felony in satisfaction of an indictment charging a class A-I felony and a superior court information charging a class E felony, and he pleaded guilty knowing that he would receive the sentence ultimately imposed by County Court. In light of these circumstances, we can find no basis to disturb the sentence imposed by County Court *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

We have considered defendant's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed.