■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS DEFARES, Appellant. [619 NYS2d 375] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 13, 1993, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree.

Responding to information that cocaine sales were taking place at Ray's Riverside Tavern in the City of Kingston, Ulster County, undercover Police Officer Brian Robertson drove into the tavern's parking lot where he observed four men standing outside the tavern. Two of the men, Vernon Clark and Derrick Jennings, approached Robertson's vehicle and Robertson asked for a "twenty" (vernacular for a $20 bag of cocaine). Clark pointed to defendant and stated, "Talk to my man over there." Jennings then pushed Clark aside, stated "I got you" and sold Robertson a $20 bag of crack cocaine. Robertson then left the area and met with other police officers to field test the substance that he had purchased. When the substance tested positive for cocaine, the officers decided to return to the parking lot and arrest all four men. Upon entering the parking lot to make the arrests, the four men

fled. Police Officer John Tremper pursued defendant and saw him throw a plastic bag over a chain link fence. Tremper immediately drew his weapon, ordered defendant to stop and arrested him. Minutes later a search of the area into which defendant threw the bag revealed a plastic bag containing 74 bags of crack cocaine. Additionally, a ziplock bag containing cocaine was found on the ground where defendant was arrested. At the police station, a search of defendant yielded yet another plastic bag containing cocaine.

Defendant was indicted on two counts of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the seventh degree. At the conclusion of defendant's ensuing jury trial, County Court reduced the second count of the indictment to criminal possession of a controlled substance in the fourth degree and defendant was thereafter convicted of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree, for which he was sentenced as a second felony offender to concurrent prison terms of 4½ to 9 years, 3 to 6 years and one year, respectively.

On this appeal, defendant asserts that County Court erred in denying his motion to suppress the physical evidence on the ground that the police had no probable cause to arrest him. While we agree that Tremper lacked probable cause to arrest defendant at the point in time he purported to do so, we nevertheless concur in County Court's denial of the motion to suppress. There can be no doubt that based upon Robertson's observations and the statement made to him by Clark, the police were justified in their initial entry into the parking lot to confront defendant because the encounter was supported by founded suspicion that criminality was afoot (see, People v Hollman, 79 NY2d 181). Indeed, the circumstances arguably suggest that the police possessed reasonable suspicion that defendant had committed or was committing a crime at that time. However, his flight, when considered in conjunction with all of the attendant circumstances existing at the time, clearly created a reasonable suspicion that defendant had or was committing a crime justifying pursuit and a forcible stop and detention (see, People v Martinez, 80 NY2d 444; People v Tyner, 198 AD2d 627, lv denied 82 NY2d 931; People v Greaves, 123 AD2d 445, lv denied 69 NY2d 712).

Contrary to defendant's assertion, the fact that the police went to the parking lot with the intent of making an arrest,

for which they had no probable cause, is immaterial in that our determination of the propriety of the police conduct must be based upon whether the objective facts justified the level of police intrusion and not the subjective intent of the police themselves *(see, Terry v Ohio,* 392 US 1). Given that the objective facts justified the initial police approach and the subsequent pursuit, the police acted lawfully in detaining defendant while proceeding to retrieve and examine the contents of the jettisoned bag *(see, People v Fields,* 171 AD2d 244, *lv denied* 79 NY2d 1000; *see also, People v Martinez, supra; People v Leung,* 68 NY2d 734; *People v Sierra,* 190 AD2d 202, *affd* 83 NY2d 928). The same rationale applies to the ziplock bag found on the ground where defendant was seized and detained. Finally, once the contents of the jettisoned bag were observed, the police possessed probable cause to arrest and the substance subsequently discovered at the station is admissible because the intervening discovery which gave the police probable cause for arrest justifies the conclusion that the evidence found at the station was not the product of illegal activity *(cf., People v Rogers,* 52 NY2d 527, *cert denied* 454 US 898).

At trial defendant was not permitted to offer testimony of a Deputy Sheriff that he heard Jennings state that the drugs found by the police were his. Defendant contends that County Court's ruling was in error. We disagree. In order for that hearsay statement to be admissible, it had to have been introduced as a declaration against Jennings' penal interest *(see, People v Thomas,* 68 NY2d 194, *cert denied* 480 US 948). Inasmuch as the statement was made subsequent to Jennings' acquittal of charges concerning possession of the cocaine in question, it was not made at a time when it was against Jennings' penal interests. Moreover, defendant did not offer any evidence to establish the reliability of the information and County Court properly rejected the offer on that basis *(see, People v Settles,* 46 NY2d 154).

As to defendant's contention that the People failed to establish that he possessed the cocaine with intent to sell, it has long been the law that legally sufficient evidence of intent to sell may be inferred from the possession of a large quantity of a controlled substance *(see, People v Clanton,* 204 AD2d 810, *lv denied* 83 NY2d 965; *People v Vailes,* 150 AD2d 406, *lv denied* 74 NY2d 795). Finally, defendant contends that reversal of the second count of the indictment is necessary by reason of the recent Court of Appeals decision in *People v Ryan* (82 NY2d 497) in that the People failed to prove that defendant had knowledge of the weight of the proscribed substance. We

disagree. The Court of Appeals specifically recognized that knowledge of the weight of a substance may be inferred from evidence of a defendant's handling of the substance in an aggregate weight case such as this *(see, supra,* at 505).

Mikoll, J. P., Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.