(June 28, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BACON, Appellant. [798 NYS2d 402]—

Judgment, Supreme Court, New York County (Carol A. Berkman, J.), rendered May 30, 2001, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

This appeal was held in abeyance and the matter remanded to Supreme Court for a hearing on defendant's motion to suppress evidence. On remand, Supreme Court (Marcy L. Kahn, J.) conducted a *Mapp* hearing and denied the motion, finding that the evidence was properly recovered from defendant's person.

At the hearing, Police Officer Robert Savage testified that, on the evening of December 29, 2000, he and his partner stopped defendant for riding his bicycle on the sidewalk on Amsterdam

Avenue in Manhattan. Upon reviewing defendant's identification, the officers discovered an outstanding arrest warrant, allegedly issued in Westchester County, and took defendant into custody. At some later time, a third officer conducted a patdown search, and recovered 67 bags and one tinfoil-wrapped packet of crack cocaine, nine packages of heroin and $105 in cash from defendant's pocket.

It is uncontested that the outstanding warrant was issued in Criminal Court, New York County, on October 3, 1997 and remained in effect at the time of defendant's arrest. Defendant now contends that the evidence was unlawfully seized because Officer Savage could not recall whether the search was conducted at his direction; whether it was conducted contemporaneously, at the scene, or later at the precinct house; or whether the officer who conducted the search was working with Officer Savage's unit or not. Defendant concedes that he was lawfully stopped for riding a bicycle on the sidewalk, in violation of New York City regulations, and that he was lawfully arrested in connection with an outstanding warrant.

There is no merit to defendant's contention that because the officer who conducted the patdown was not informed of the outstanding warrant, he lacked probable cause to conduct the search. Once an arrest is made, incriminating evidence need not be immediately discovered in order to be validly seized (*see Harris v United States*, 390 US 234, 236 [1968]; *Ker v California*, 374 US 23, 42-43 [1963]; *cf. People v Evans*, 43 NY2d 160, 165-166 [1977] [pre-arrest search]). Evidence recovered in a search at a police station is admissible if the antecedent arrest is supported by probable cause (*see People v Boodle*, 47 NY2d 398, 402 [1979], *cert denied* 444 US 969 [1979]; *People v Defares*, 209 AD2d 875, 877 [1994], *lv denied* 84 NY2d 1030 [1995]; *cf. People v Lee*, 126 AD2d 568, 570 [1987]).

Defendant was sentenced in connection with a negotiated plea agreement. Defendant acknowledged that he understood the terms of the agreement and was aware of the rights being surrendered. Nothing in the record suggests that defendant's waiver of his right to trial was other than knowing and intelligent. "Having received the benefit of his bargain, defendant should be bound by its terms" (*People v Lopez*, 190 AD2d 545 [1993]).

We perceive no basis for reducing the sentence. We note that defendant's criminal record includes a conviction for attempted rape—a violent felony—as well as a misdemeanor drug conviction. Concur—Buckley, P.J., Tom, Sullivan and Williams, JJ.