■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McNAIR, Appellant. [811 NYS2d 819]—

Crew III, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 16, 2004 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

On June 2, 2004, Officer Brian Hawley of the City of Albany police department received a radio transmission advising that there was a "black male racking a gun" on Third Street in the City of Albany. Hawley, aware that fellow officers already had responded to the Third Street location, drove two blocks south to First Street where he noticed defendant. When defendant saw Hawley, he began walking briskly away and, when Hawley alighted from his vehicle, defendant began running down an alley. Hawley followed defendant down the alley, arrested defendant at gunpoint and handcuffed him.

Defendant thereafter was indicted and charged with criminal possession of a weapon in the third degree and, following a jury trial, was found guilty as charged. Defendant subsequently was sentenced to seven years' imprisonment with five years of postrelease supervision. Defendant now appeals.

Defendant contends, among other things, that his arrest was without probable cause and that County Court (Breslin, J.) improperly denied his request for a *Dunaway* hearing. It is axiomatic that a motion for a *Dunaway* hearing must be supported by sworn allegations of fact which, if true, would warrant suppression. Moreover, the sufficiency of the factual allegations should be "assessed in conjunction with the context of the motion, and . . . defendant's access to information" (*People v Mendoza,* 82 NY2d 415, 426 [1993]).

Here, on the motion seeking a *Dunaway* hearing, it was as-

serted, upon information and belief, that the description of the perpetrator afforded by the 911 caller was in general terms, that the caller neither knew defendant nor identified him by name or any unique characteristics and, thus, the arrest was without probable cause. The People claim that these allegations are much too vague to raise an issue of fact in this regard and, thus, County Court was warranted in summarily denying defendant's request for a hearing. We disagree.

It is important to note that in August 2004, defense counsel filed a demand to produce "any tapes or other electronic recordings which the prosecution intends to introduce at trial." The People responded that such material would be made available as soon as it came into their possession. On September 3, 2004, the last day for defendant to file an omnibus motion, defendant moved for a *Dunaway* hearing without having received the requested tapes. Thus, the affirmation in support of the motion was based upon information and belief and indeed was somewhat vague due to the fact that defendant did not yet have access to the transcribed 911 call. Under these circumstances, we believe that County Court improvidently denied defendant a *Dunaway* hearing. Accordingly, determination of this appeal should be withheld and the matter remitted to Supreme Court for an appropriate hearing (*see e.g. People v Weddington,* 192 AD2d 750, 751 [1993], *lv denied* 83 NY2d 859 [1994]; *People v Mullen,* 152 AD2d 260, 270-271 [1989]).

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.