■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MCNAIR, Appellant. [828 NYS2d 640]—

Crew III, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 16, 2004 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

When last we considered this case, we determined that County Court (Breslin, J.) inappropriately denied defendant's request for a *Dunaway* hearing (28 AD3d 800 [2006]). Consequently, we withheld determination of the appeal and remitted the matter to Supreme Court for such a hearing.* Supreme Court conducted the hearing, found defendant's arrest to have been based upon probable cause and we now consider the matter on the merits.

Initially, defendant contends that his arrest was without probable cause and, thus, all physical evidence and his oral and written statements should be suppressed. We disagree.

To begin, *People v De Bour* (40 NY2d 210 [1976]) established a four-level test for evaluating the legality of street encounters by the police. Level three authorizes the police to forcibly stop and detain an individual where there is reasonable suspicion to believe that the individual was involved in the commission of a felony or misdemeanor (*see id.* at 223). Here, Officer Brian Hawley of the City of Albany police department received a radio transmission advising that there was a black male wearing a bright red jacket and a blue and white baseball cap walking on Third Street toward Swan Street who was seen loading a pistol. That information was received via a 911 call from an identified citizen living at 75 Third Street who had just observed that individual. Hawley, aware that fellow officers already had responded to the Third Street location, drove two blocks south to First Street where he saw an individual matching the description given by the 911 caller. Hawley called his dispatcher, confirmed the 911 caller's description and stopped his patrol car to confront defendant. When Hawley alighted from his car, defendant took off running down an alley. Hawley ran after defendant and caught and secured him on the rear deck behind a house. While defendant was in the patrol car, Hawley discovered a loaded handgun between the deck and a stockade fence where defendant had been standing when Hawley apprehended him. As a consequence, Hawley placed defendant under arrest.

To be sure, Hawley had an objective credible reason to approach defendant (*De Bour's* first level of inquiry). Indeed, based upon the identified civilian's 911 call, Hawley had the common-law right of inquiry. Certainly, when defendant began running

---

* Defendant's motion for a *Dunaway* hearing was denied by County Court. Thereafter, the matter was transferred to Supreme Court (Lamont, J.) for trial.

from Hawley, his flight, when considered in conjunction with the information that Hawley already possessed, created a reasonable suspicion that criminality was afoot justifying pursuit and detention (*see People v Tyner*, 198 AD2d 627, 628-629 [1993], *lvs denied* 82 NY2d 931 [1994], 84 NY2d 834 [1994]). Moreover, Hawley's discovery of the handgun in close proximity to the place where defendant was apprehended provided probable cause for his arrest.

We likewise reject defendant's contention that his conviction was not supported by legally sufficient evidence. In viewing the foregoing evidence, together with defendant's admissions that he indeed possessed the weapon in question, we are satisfied that the jury's conclusions are supported by a valid line of reasoning and the permissible inferences to be drawn therefrom (*see People v Sullivan*, 300 AD2d 689, 691 [2002], *lv denied* 100 NY2d 587 [2003]). We have considered defendant's remaining contentions and find them equally without merit.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.