■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HILL, Appellant. [1 NYS3d 93]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered February 17, 2010, convicting defendant, after a jury trial, of attempted robbery in the third degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. The record establishes that defendant was arrested by a police sergeant who undisputedly had probable cause to make that arrest (regardless of which officer was credited with the arrest for police administrative purposes), and that a wrench was recovered from defendant's person immediately after the arrest. Accordingly, the search was incident to a preexisting lawful arrest, even though it was conducted by another officer, who was not necessarily privy to all the information possessed by the sergeant (see People v Bacon, 19 AD3d 287 [1st Dept 2005], lv denied 5 NY3d 803 [2005]). Furthermore, the searching officer overheard the radio run describing the sergeant's pursuit of defendant, saw the sergeant chasing defendant, and was present during the arrest and assisted in subduing defendant. In any event, we find that under the circumstances of the case probable cause may be imputed to the searching officer by way of the fellow officer rule (see e.g. People v Washington, 87 NY2d 945 [1996]).

Defendant's contention that the trial evidence rendered duplicitous the attempted robbery count is a claim requiring preservation (see People v Allen, 24 NY3d 441 [2014]), and we reject

defendant's arguments to the contrary. We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. The evidence at trial was consistent with the single count in that it showed that defendant engaged in an uninterrupted course of conduct with the single intent of stealing money (*see People v Alonzo*, 16 NY3d 267, 269-270 [2011]).

The court properly exercised its discretion in adjudicating defendant a persistent felony offender (*see People v Jennings*, 33 AD3d 378, 379 [1st Dept 2006], *lv denied* 7 NY3d 926 [2006]). The extent and seriousness of defendant's criminal record outweighed the mitigating factors he cites. Concur—Renwick, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Feinman, JJ.