People v White (2021 NY Slip Op 04155)





People v White


2021 NY Slip Op 04155


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-05578
 (Ind. No. 2026/15)

[*1]The People of the State of New York, respondent,
v
Herbie T. White, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E Mazzola of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered April 18, 2017, convicting him of criminal contempt in the first degree (three counts), criminal contempt in the second degree (two counts), and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted after his wife's niece and nephew testified that he lived with them, in violation of orders of protection, and that he physically and mentally abused them.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of criminal contempt in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court's jury charge regarding contempt in the first degree, which was in accordance with the language contained in the criminal jury instructions, was proper (see CJI2d [NY] Penal Law § 215.51[b][v]; People v Mateo, 2 NY3d at 416 n 20; People v Grant, 170 AD3d 888, 889).
The defendant's challenge to certain comments made by the prosecutor during summation is only partially preserved for appellate review (see People v Banks, 74 AD3d 1214, 1215; People v Jones, 9 AD3d 374, 375). In any event, the prosecutor's comments regarding the fact that the subject children's mother was dead and that the defendant was manipulating the family court system, among other comments during summation, did not deprive the defendant of his right to a fair [*2]trial (see People v Martin, 161 AD3d 777, 778; People v Houston, 82 AD3d 1122, 1123).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court