People v Booker (2024 NY Slip Op 02208)

People v Booker

2024 NY Slip Op 02208

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2017-02561
 (Ind. No. 2026/15)

[*1]The People of the State of New York, respondent,
v
Tyeesha Booker, appellant.

Carol E. Castillo, East Setauket, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy Mazzei, J.), rendered January 19, 2017, convicting her of endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of endangering the welfare of a child (two counts), based upon evidence that she allowed her husband to reside with her niece and nephew in the same household, in violation of orders of protection against him (see People v White, 195 AD3d 1049).
On appeal, the defendant asserts that the indictment against her was jurisdictionally defective because it did not allege the time, place, or manner of the offenses. This contention was not raised in the County Court, and therefore, it is unpreserved for appellate review. Preservation is required to raise this issue of law, since "[i]nsufficiency in the factual allegations alone, as opposed to a failure to allege every material element of the crime, does not constitute a nonwaivable jurisdictional defect" (People v Iannone, 45 NY2d 589, 600-601). In any event, on the merits, "[t]he indictment effectively charged the defendant with the commission of a particular crime and afforded [her] fair notice of the charges made against [her], so that [she] could prepare a defense and avoid subsequent attempts to retry [her] for the same crime" (People v Best, 186 AD3d 845, 848).
The defendant further contends that based upon the trial evidence, the indictment was duplicitous because multiple criminal acts could have been the basis of finding her guilty; therefore, the counts against the defendant each charged more than one offense (see People v Allen, 24 NY3d 441). Again, this issue is not preserved for appellate review, and duplicitousness of an indictment based upon the trial evidence is an issue that requires preservation (see id.; People v Hill, 124 AD3d 456). In any event, the counts of the indictment in issue alleged a continuous course of conduct and, therefore, were "not subject to the duplicity rules" requiring the allegation of a single act (People v Kuykendall, 43 AD3d 493, 495; see People v Rosich, 170 AD2d 703).
The defendant's contention that her convictions were not based upon legally sufficient evidence is not preserved for appellate review, as that contention was not raised with specificity in [*2]her motion for a trial order of dismissal (see CPL 470.05[2]; People v Cruz, 137 AD3d 1158, 1159). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see Matter of Sage H. [Lovette H.], 204 AD3d 795; Matter of Lilliana K. [Ronald K.], 174 AD3d 990). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions are without merit (see People v McGee, 20 NY3d 513, 518; People v Caban, 5 NY3d 143, 152; People v Mahboubian, 74 NY2d 174, 184; People v Reynoso, 73 NY2d 816, 819; People v White, 195 AD3d 1049, 1050).
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court