■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered January 5, 1983, convicting him of manslaughter in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

Initially, we note that the police had probable cause to arrest the defendant. The defendant was identified as the perpetrator of the crime by several witnesses who had worked with him for several years. The police were provided with the defendant's full name, a detailed physical description, and his home address. The police were also told that he drove a gold 1973 Pontiac LeMans automobile with a white vinyl roof. Thereafter, the police proceeded to the defendant's home address, saw his car parked in the driveway and, while keeping watch of his residence, saw a man fitting the description of the defendant earlier provided to them. Consequently, the police had probable cause to arrest the defendant for the homicide which he had been accused of committing earlier that morning.

The arrest, although warrantless, was proper. The testimony established that while the police were in the backyard of the defendant's residence, the defendant exited his home. When the defendant was approximately 20 feet away from the house, he was approached by one of the officers and ordered to lie down on the ground. The police then arrested the defendant and gave him his *Miranda* rights. The defendant, having exited his home, had no legitimate expectation of privacy. Therefore, the warrantless arrest of the defendant was proper in all respects *(see, People v Anderson,* 146 AD2d 638, 639-640; *cf., Payton v New York,* 445 US 573, 589-590).

Since the warrantless arrest was proper, the statements made by the defendant in which he freely and voluntarily confessed to committing the crime, after properly being advised of his rights, were properly deemed admissible by the hearing court *(cf., People v Cunningham,* 49 NY2d 203, 205-

207). Similarly, the defendant consented to the recovery of the gun used to commit the crime after a second set of warnings was given. His voluntariness was clearly demonstrated by his actions in taking the police officers directly to where he had hidden the weapon. Although the police advised the defendant if he did not show them where the gun was, they would obtain a warrant and search his entire premises, this merely apprised the defendant of what the police would have been entitled to do. Therefore, the defendant's consent was not vitiated *(see, United States v Long,* 866 F2d 402, 404-405; *United States v Faruolo,* 506 F2d 490, 493-495).

Further, we find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Kunzeman and Rubin, JJ., concur.