THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN A. CORREA, Appellant. [864 NYS2d 643]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered June 22, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree and menacing in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that reversal is required based on a *Payton* violation. We reject that contention. The evidence at the *Payton* hearing established that, when the police approached defendant's house, defendant was standing in the open doorway and that the police entry into the house was minimal, to enable them to take control of defendant before removing him from the house. "The doorway to a private house is a public place for purposes of Fourth Amendment analysis, since a defendant has no legitimate expectation of privacy while standing there, exposed to public view . . . Since the defendant was arrested at the threshold of his residence, the defendant's arrest did not implicate *Payton* rights" (*People v Reynoso,* 309 AD2d 769, 770 [2003], *affd* 2 NY3d 820 [2004]; *see People v Brown,* 13 AD3d 1194 [2004], *lv denied* 4 NY3d 828 [2005]; *People v Schiavo,* 212 AD2d 816 [1995], *lv denied* 85 NY2d 942 [1995]). In any event, even assuming, arguendo, that the police entered defendant's house, we conclude that the evidence at the *Payton* hearing established that there were exigent circumstances to justify their warrantless entry (*see generally People v Kilgore,* 21 AD3d 1257, 1257-1258 [2005]). The evidence established that the police responded to defendant's house while investigating a complaint that defendant had recently threatened his girlfriend by pointing a gun at her head, there was reason for the police to believe that defendant was still armed, there was a showing of probable cause, defendant was present at the house at the time of the arrest, and the police entered peacefully. Present—Martoche, J.P., Lunn, Fahey and Pine, JJ.