■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT COLLINS, JR., Appellant. [880 NYS2d 828]—

Appeal from a judgment of the Supreme Court, Erie County

(Deborah A. Haendiges, J.), rendered February 7, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (two counts), assault in the third degree (two counts), menacing in the second degree, endangering the welfare of a child and tampering with a witness in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, inter alia, of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the victim that defendant threatened her with a hacksaw and a steak knife and to reject the theory of the defense that those allegations were untrue and manufactured by the victim's father (*see generally People v Kelly*, 34 AD3d 1341 [2006], *lv denied* 8 NY3d 847 [2007]). Defendant failed to preserve for our review his contention that Supreme Court did not follow the requisite three-step analysis when he raised a *Batson* challenge (*see People v Robinson*, 1 AD3d 985 [2003], *lv denied* 1 NY3d 633, 2 NY3d 805 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's further contention that the court erred in determining that the prosecutor's explanation for exercising the peremptory challenge with respect to the prospective juror in question was race-neutral and not pretextual (*see People v Lawrence*, 23 AD3d 1039 [2005], *lv denied* 6 NY3d 835 [2006]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.