■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
REGINALD PEARSON, Appellant. [918 NYS2d 409]—

The court properly denied defendant's suppression motion.
There is no basis for disturbing the court's credibility determinations. The stolen keys and jewelry recovered from defendant,
as well as his statements pertaining thereto, were not the product of a warrantless entry into his apartment. The location of
defendant's arrest is dispositive of his claim under *Payton v
New York* (445 US 573 [1980]). The evidence supports the hearing court's finding that a detective (possessing undisputed probable cause to arrest) intercepted defendant at the threshold of
his apartment and stopped him from entering, after which the
detective arrested and searched defendant in the hallway. Accordingly, defendant is not entitled to suppression of any evidence (*see People v Reynoso*, 309 AD2d 769, 770 [2003], *affd* 2
NY3d 820 [2004]; *see also United States v Santana*, 427 US 38,
42 [1976]). In any event, any error in receipt of this evidence
was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]) in
light of the overwhelming evidence of guilt, which included
virtually conclusive DNA evidence as well as the victim's
identification testimony.

To the extent that, in testifying about the chain of custody for
the stolen property, a detective implicitly related declarations
made by another detective, who also testified, we find any error
to be harmless. Defendant did not preserve his hearsay and
Confrontation Clause arguments regarding other police testimony, and we decline to review them in the interest of justice.
As an alternative holding, we also reject them on the merits. In
each instance, the evidence was neither testimonial within the
meaning of *Crawford v Washington* (541 US 36 [2004]) nor was

it offered for its truth. In any event, we similarly find that any error was harmless.

The court properly exercised its discretion in denying defendant's request for an adjournment of sentencing to obtain a mental health evaluation. The court was in a position to determine that such an examination in aid of sentencing was unnecessary (*see People v Dockery*, 174 AD2d 432 [1991], *lv denied* 78 NY2d 1010 [1991]). To the extent that defendant is raising a constitutional claim regarding the denial of the adjournment, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.

We perceive no basis for reducing the sentence.

This Court previously denied defendant's motion for leave to appeal from that portion of the December 2009 order that denied defendant's motion to vacate the judgment (2010 NY Slip Op 64711[U] [2010]). The balance of the order is appealable only if it denied a motion for DNA testing under CPL 440.30 (1-a) (*see* CPL 450.10 [5]). However, defendant's purported CPL 440.30 (1-a) motion was actually a request for postconviction discovery of electronic DNA data, and not a motion for "the performance of a forensic DNA test on specified evidence" (CPL 440.30 [1-a]). Accordingly, there is no statutory basis for defendant's appeal (*see e.g. People v Bautista*, 7 NY3d 838, 838-839 [2006]). In any event, we note that defendant obtained the services of a DNA expert before trial and had a full opportunity to challenge the People's DNA results. Concur—Tom, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.