# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

101

KA 10-01851

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DANIQUA S.D., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (VANESSA S. GUITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from an adjudication of the Erie County Court (Michael L. D'Amico, J.), rendered July 13, 2010. Defendant was adjudicated a youthful offender upon a jury verdict that found her guilty of criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.

Memorandum: Defendant was adjudicated a youthful offender following her conviction, upon a jury verdict, of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]). Preliminarily, we note that defendant's notice of appeal recites incorrect convictions and an incorrect date on which the adjudication was rendered. Defendant's notice of appeal recites the correct indictment number, however, and thus we treat the notice of appeal as valid, in the exercise of our discretion in the interest of justice (*see* CPL 460.10 [6]).

We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495), upon viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), and according great deference to the jury's resolution of credibility issues (*see generally Bleakley*, 69 NY2d at 495). Defendant contends for the first time on appeal that County Court unlawfully ordered her to pay $295 in restitution to the complainant. Although a contention that the restitution portion of a sentence is illegal need not be preserved for our review (*see People v McCarthy*, 83 AD3d 1533, 1534-1535, *lv denied* 17 NY3d 819), here defendant is not in fact contending that the restitution imposed is illegal (*see People v Callahan*, 80 NY2d 273, 280-281). Instead, defendant contends that the court erred in relying upon the presentence report to establish the complainant's

out-of-pocket loss in light of the complainant's trial testimony suggesting that the complainant suffered no out-of-pocket loss. Her contention therefore is "addressed merely to the adequacy of the procedures the court used to arrive at its sentencing determination, specifically its purported overreliance on the presentencing report's restitution recommendation" (*id.* at 281). Thus, defendant is raising a procedural issue that she forfeited by failing to raise it in a timely manner (*see id.*).

Finally, the sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced at a term of Supreme Court, Erie County, and it must therefore be amended to reflect that she was sentenced at a term of Erie County Court (*see generally People v Switzer*, 55 AD3d 1394, 1395, *lv denied* 11 NY3d 858).