THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PARSON, Appellant. [944 NYS2d 18]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at suppression hearing; Charles H. Solomon, J., at jury trial and sentencing), rendered July 14, 2009, convicting defendant

of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.

The hearing court properly denied defendant's suppression motion. An identified citizen witness waved to the police, pointed to defendant, and told an officer that defendant had a firearm. The officer testified that this witness, and a child who was a passenger in the witness's car, each displayed a frightened demeanor. Under the circumstances, the officer could infer that the witness was speaking from personal knowledge (*see e.g. People v Ransdell*, 254 AD2d 63 [1998], *lv denied* 92 NY2d 1037 [1998]).

Accordingly, the officer had, at least, reasonable suspicion to justify a stop and frisk. Immediately after a frisk failed to reveal the presence of a weapon, the witness told the officer that the weapon was in a nearby dumpster. The police immediately searched the dumpster, found a pistol, arrested defendant, and recovered cartridges from his pocket.

Defendant argues that at the moment the officer frisked defendant and failed to find a weapon any justification for detaining defendant dissipated. Even assuming defendant was detained during the brief interval between the frisk and the witness's statement about the dumpster, a brief investigatory detention was reasonable under the circumstances (*see generally People v Hicks*, 68 NY2d 234, 238-239 [1986]). The location of a deadly weapon was at issue, and it was reasonable to clarify the discrepancy between the witness's accusation and the results of the frisk.

The discovery of the pistol in the dumpster gave the officers probable cause to arrest defendant. Therefore, the cartridges were recovered during a lawful search incident to arrest.

The citizen witness, a caseworker for a foster care agency, testified at trial, but his child passenger, a client of the agency, did not. The witness testified at trial that the child pointed out of the car window while displaying an agitated demeanor, and that this caused the witness to turn around, look out the window, and see defendant pointing a weapon. Defendant raises several issues regarding this testimony and the nondisclosure of the child's identity.

The child's demeanor and conduct did not constitute a nonverbal hearsay declaration (*compare People v Nieves*, 67 NY2d 125, 131 [1986]), because they were not intended to assert facts or convey information (*see* Prince, Richardson on Evidence § 8-103 [Farrell 11th ed]; *see also People v Salko*, 47 NY2d 230, 239 [1979]). At most, the child conveyed a direction to look out of the window.

In any event, even if the child's behavior constituted a nonverbal declaration, it was not offered for its truth. Instead, it was admissible "for the legitimate nonhearsay purpose of completing the narrative and explaining" the events (*see People v Valdez*, 69 AD3d 452, 452 [2010], *lv denied* 14 NY3d 893 [2010]). Defendant's claim that the witness's testimony about the child's behavior violated the Confrontation Clause is without merit because the alleged nonverbal declaration was neither testimonial nor offered for its truth (*see e.g. People v Pearson*, 82 AD3d 475 [2011], *lv denied* 17 NY3d 809 [2011]).

Defendant did not preserve his argument that the trial court should have given the jury a limiting instruction about this testimony, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.

The trial court properly exercised its discretion in declining to compel the witness to reveal the child's identity after the witness, citing confidentiality concerns, refused to do so (*see People v Andre W.*, 44 NY2d 179, 184 [1978]). Defendant's assertion that the child might have provided exculpatory evidence is speculative. In any event, any error in this regard was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Tom, J.P., Catterson, Richter, Abdus-Salaam and Román, JJ.