■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT POPE, Appellant. [977 NYS2d 866]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts each of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]). County Court properly denied that part of defendant's motion seeking suppression of items of physical evidence seized from the house where police officers located defendant on the day of the robbery. The evidence at the suppression hearing established that defendant was no more than a casual visitor having "relatively tenuous ties" to the house (*People v Ortiz*, 83 NY2d 840, 842 [1994]; *see People v Sommerville*, 6 AD3d 1232, 1232 [2004], *lv denied* 3 NY3d 648 [2004]). Defendant thus lacked standing to seek suppression of items seized therefrom (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]; *People v Rodriguez*, 69 NY2d 159, 162 [1987]). To the extent that defendant contends that the items of physical evidence should have been suppressed as the fruit of a *Payton* violation, we conclude that the court properly determined that there was no such violation inasmuch as defendant was arrested outside the house (*see People v Roe*, 73 NY2d 1004, 1006 [1989]; *People v Moskal*, 262 AD2d 986, 987 [1999]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Carni, Sconiers and Whalen, JJ.