# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

297

KA 12-02296

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

MAHNSEAH T. BOLEY, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered June 27, 2012. The judgment convicted defendant, upon a jury verdict, of assault in the third degree (two counts).

It is hereby ORDERED that said appeal from the judgment insofar as it imposed a sentence of incarceration is unanimously dismissed and the judgment is otherwise affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of assault in the third degree (Penal Law § 120.00 [1]), defendant contends that one count of assault in the third degree is against the weight of the evidence because he did not intend to harm the victim, and the victim did not sustain a physical injury within the meaning of Penal Law § 10.00 (9). Viewing the evidence in light of the elements of that crime as charged to the jury, we reject defendant's contention (*see People v Danielson*, 9 NY3d 342, 349; *People v Bleakley*, 69 NY2d 490, 495). The injured victim testified that defendant forced open a bathroom door and thereby pushed her into the window, which shattered. She further testified that defendant punched her in the face repeatedly, and she sustained swelling and bruising on her face, a black eye, a cut lip, and cuts on her knees and back. She received medical treatment and testified that it took a month for the bruising and swelling on her face to subside, that she missed two days of work after the assault, and that she still has scars on her back. The victim's testimony was corroborated by testimony of police officers and medical personnel, and photographs of her injuries.

"A defendant may be presumed to intend the natural and probable consequences of his actions . . . , and [i]ntent may be inferred from the totality of conduct of the accused" (*People v Mahoney*, 6 AD3d 1104, 1104, *lv denied* 3 NY3d 660 [internal quotation marks omitted]).

Defendant's version of the events "involved credibility issues that were resolved by the jury, and we accord great deference to the jury's credibility determinations" (*People v Harris*, 56 AD3d 1267, 1268, *lv denied* 11 NY3d 925).  With respect to the elements of intent and physical injury, we conclude that it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see People v Spratley*, 96 AD3d 1420, 1421, *following remittal* 103 AD3d 1211, *lv denied* 21 NY3d 1020; *People v Cooper*, 50 AD3d 1570, 1571, *lv denied* 10 NY3d 957).

We dismiss the appeal to the extent that defendant contends that the sentence is harsh and excessive inasmuch as defendant has completed serving his sentence and, thus, that part of the appeal is moot (*see People v Mackey*, 79 AD3d 1680, 1681, *lv denied* 16 NY3d 860).

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court