# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1059

KA 12-00911

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

SAQUAN EVANS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 15, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), charges that arose from the shooting death of a 19-month-old boy, an innocent bystander caught in the midst of gang-related violence. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349), we reject defendant's contention that the verdict is contrary to the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, "the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (People v Orta, 12 AD3d 1147, 1147, lv denied 4 NY3d 801; see People v Kalinowski, 118 AD3d 1434, 1436, lv denied 23 NY3d 1064). We note that defendant was identified at trial as the shooter by a fellow gang member, and that data from his GPS ankle bracelet that he wore while on parole placed him at the scene of the shooting at the approximate time of the shooting. The GPS data also showed that, after the shooting, defendant went to his grandfather's house, where a revolver was found by the police that was consistent with the weapon used to fire the bullet that killed the victim.

We reject defendant's further contention that Supreme Court erred

in imposing consecutive sentences.  The court sentenced defendant to an indeterminate term of 25 years to life for the murder, and a consecutive determinate term of 15 years, plus 5 years of postrelease supervision, for the weapon possession.  Defendant was charged with "simple" weapon possession (Penal Law § 265.03 [3]) and, when a defendant is so charged, "[s]o long as [the] defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon, the possessory crime has already been completed, and consecutive sentencing is permissible" (*People v Brown*, 21 NY3d 739, 751).  Contrary to defendant's contention, the evidence was legally sufficient to establish that he possessed the murder weapon in the car on the way to the shooting, and thus "there was a completed possession, within the meaning of [section 265.03 (3)], before the shooting took place" (*People v Rodriguez*, 118 AD3d 451, 452, *lv denied* 24 NY3d 964; *see People v Mitchell*, 118 AD3d 1417, 1418-1419, *lv denied* 24 NY3d 963).

Defendant failed to preserve his contentions concerning alleged prosecutorial misconduct, and we decline to exercise our power to reach them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v West*, 129 AD3d 1629, 1630).  We conclude that defense counsel's failure to preserve those contentions did not deprive defendant of effective assistance of counsel (*see People v Koonce*, 111 AD3d 1277, 1279; *see generally People v Baldi*, 54 NY2d 137, 147).

Finally, although defendant contends that he was illegally arrested without a warrant in violation of *Payton v New York* (445 US 573), the evidence establishes that defendant was arrested in the threshold of his apartment, and thus "defendant's arrest did not implicate *Payton* rights" (*People v Reynoso*, 309 AD2d 769, 770, *affd* 2 NY3d 820; *see People v Correa*, 55 AD3d 1380, 1380, *lv denied* 11 NY3d 924).

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court