People v Lozada (2018 NY Slip Op 06373)





People v Lozada


2018 NY Slip Op 06373


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


949 KA 17-00457

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERAMI LOZADA, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ELIZABETH RIKER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 22, 2015. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree
(§ 265.03 [1] [b]; [3]), defendant contends that the conviction of murder in the second degree is not supported by legally sufficient evidence with respect to the issue of his intent, and that the verdict is contrary to the weight of the evidence regarding that issue. Initially, we note that defendant failed to preserve his legal sufficiency contention for our review inasmuch as he failed to move for a trial order of dismissal on that ground (see People v Carncross, 14 NY3d 319, 324-325 [2010]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, defendant's contention lacks merit. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction of murder in the second degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "The element of intent is rarely proved by an explicit expression of culpability by the perpetrator' " (People v Bueno, 18 NY3d 160, 169 [2011], quoting People v Barnes, 50 NY2d 375, 381 [1980]). "It is well established that a defendant's [i]ntent to kill may be inferred from [his] conduct as well as the circumstances surrounding the crime . . . , and that a jury is entitled to infer that a defendant intended the natural and probable consequences of his acts" (People v Hough, 151 AD3d 1591, 1593 [4th Dept 2017], lv denied 30 NY3d 950 [2017] [internal quotation marks omitted]). Here, the People presented evidence that the victim was unarmed and killed by a single gunshot to the head, fired by defendant at very close range, while the victim was holding groceries and beer in his hands. Consequently, we conclude that the evidence was legally sufficient to establish defendant's intent to kill the victim. In addition, viewing the evidence in light of the elements of the crime of murder in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that crime is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, County Court did not err in imposing consecutive sentences on the count of murder in the second degree and the count of criminal possession of a weapon in the second degree under Penal Law § 265.03 (3). Contrary to the People's contention, "[a]lthough defendant . . . failed to preserve for our review his contention that the court erred in imposing consecutive sentences, preservation of that contention is not required" (People v Ferguson-Johnson, 55 AD3d 1340, 1340-1341 [4th Dept 2008], lv denied 11 [*2]NY3d 897 [2008]; see People v Houston, 142 AD3d 1397, 1399 [4th Dept 2016], lv denied 28 NY3d 1146 [2017]).
With respect to the merits, where a defendant is charged with criminal possession of a weapon pursuant to Penal Law § 265.03 (3), as well as a crime involving use of that weapon, "[s]o long as [the] defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon, the possessory crime has already been completed, and consecutive sentencing is permissible" (People v Brown, 21 NY3d 739, 751 [2013]). Here, "the evidence [is] legally sufficient to establish that he possessed the murder weapon in the car on the way to the shooting, and thus there was a completed possession, within the meaning of [section 265.03 (3)], before the shooting took place' " (People v Evans, 132 AD3d 1398, 1399 [4th Dept 2015], lv denied 26 NY3d 1087 [2015]). Defendant's contention concerning the location of the crime as set forth in the indictment as limited by the bill of particulars does not require a different result, inasmuch as the bill of particulars indicated that the possession in violation of section 265.03 (3) took place at a specific address, and the evidence is sufficient to establish that defendant possessed the weapon in a car in the parking lot at that address before he formed the intent to shoot the victim with it.
We reject defendant's contention that he was denied effective assistance of counsel based on his attorney's failure to conduct an adequate cross-examination of certain prosecution witnesses. Contrary to defendant's contention, "[s]peculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel" (People v Adams, 247 AD2d 819, 819 [4th Dept 1998], lv denied 91 NY2d 1004 [1998]; see People v Black, 137 AD3d 1679, 1680 [4th Dept 2016], lv denied 27 NY3d 1128 [2016], reconsideration denied 28 NY3d 1026 [2016]; People v Bassett, 55 AD3d 1434, 1438 [4th Dept 2008], lv denied 11 NY3d 922 [2009]). Upon review of the record, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defendant's] attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court