People v Rodriguez (2020 NY Slip Op 00947)





People v Rodriguez


2020 NY Slip Op 00947


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


164 KA 15-01390

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDWARD L. RODRIGUEZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered May 28, 2015. The judgment convicted defendant upon a jury verdict of endangering the welfare of a child and criminal possession of a weapon in the fourth degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [4]), defendant argues that County Court erred in refusing to suppress physical evidence on Payton grounds. We affirm.
"The evil to which the [Payton] rule is addressed is the unsupervised invasion of a citizen's privacy in his [or her] own home" (People v Minley, 68 NY2d 952, 953 [1986]). Thus, Payton is not violated when a warrantless arrest occurs "in the threshold of a residence . . . , provided that the suspect has voluntarily answered the door and the police have not crossed the threshold" (People v Garvin, 30 NY3d 174, 177 [2017], cert denied — US — , 139 S Ct 57 [2018]; see People v Reynoso, 2 NY3d 820, 821 [2004]). Here, the record supports the suppression court's determination that defendant was arrested at the threshold of his apartment after having voluntarily answered the door and that the police did not cross into defendant's home in order to effectuate the arrest. Thus, defendant was not arrested without a warrant in violation of the Payton rule (see Reynoso, 2 NY3d at 821; People v Evans, 132 AD3d 1398, 1399 [4th Dept 2015], lv denied 26 NY3d 1087 [2015]; People v Schiavo, 212 AD2d 816, 816 [2d Dept 1995], lv denied 85 NY2d 942 [1995]).
Contrary to defendant's contention, the fact that the police immediately "pushed or guided" him three feet inside the apartment after he was arrested in order to search him does not establish that the arrest itself occurred inside the house in violation of the Payton rule (see People v Correa, 55 AD3d 1380, 1380 [4th Dept 2008], lv denied 11 NY3d 924 [2009]; see also People v Rosario, 179 AD2d 442, 442 [1st Dept 1992], lv denied 79 NY2d 1053 [1992]). "The location of [the] arrest is dispositive of [a Payton] claim" (People v Pearson, 82 AD3d 475, 475 [1st Dept 2011], lv denied 17 NY3d 809 [2011]), and as noted above, the court properly found that defendant was arrested, i.e., subjected to "a significant interruption of [his] liberty of movement as a result of police action" (People v Brown, 142 AD3d 1373, 1375 [4th Dept 2016], lv denied 28 NY3d 1123 [2016] [internal quotation marks omitted]), at the threshold of his apartment. Contrary to defendant's further contention, the officer's incorrect belief that an arrest is complete only after the suspect is searched incident to arrest is irrelevant to the objective legality of the officer's conduct (see generally Garvin, 30 NY3d at 186).
The officer's subsequent entry into defendant's bedroom occurred only because defendant asked the officer to retrieve his wallet and keys from that bedroom, and the contraband was in [*2]plain view in that room. Thus, defendant's motion to suppress such contraband was properly denied (see People v Burke, 24 AD3d 129, 130 [1st Dept 2005], lv denied 6 NY3d 846 [2006]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court