People v Harris (2021 NY Slip Op 03944)





People v Harris


2021 NY Slip Op 03944


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


297 KA 18-00379

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AKEEM E. HARRIS, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered July 14, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of murder in the second degree (Penal Law § 125.25 [1]) and attempted murder in the second degree
(§§ 110.00, 125.25 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). The conviction arose from an incident in which defendant's brother fired seven shots from a handgun at a man with whom defendant and his brother had a dispute, injuring that man and killing an innocent bystander.
Defendant contends that the evidence with respect to his conviction on the murder and attempted murder counts is legally insufficient to establish his liability as an accomplice. We reject that contention. The evidence at trial established that defendant brandished a handgun while telling the intended victim that he should shoot him in the face. When the intended victim grabbed him, defendant directed his brother to take the gun. The brother did so and immediately began to fire. Based on those facts and the surrounding circumstances, "there is a valid line of reasoning and permissible inferences from which a rational jury could have found" that defendant shared his brother's intent to kill and intentionally aided him in doing so by supplying the gun (People v Steinberg, 79 NY2d 673, 682 [1992]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Lostumbo, 182 AD3d 1007, 1008 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]). Although a different verdict would not have been unreasonable, on this record we cannot conclude that the jury " 'failed to give the evidence the weight it should be accorded' " (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018]; see People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). With respect to defense counsel's failure to object to elicitation by the prosecutor of testimony regarding nicknames of defendant and his brother, "it is well settled that '[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success' " (People v Harris, 147 AD3d 1328, 1330 [4th Dept 2017]).
Defendant further contends that he was denied his right to counsel of his choosing when, [*2]six days before the trial was scheduled to commence, County Court denied his request to replace his assigned counsel with retained counsel and adjourn the trial. When the court revisited the issue two days later, defendant chose to proceed as scheduled with assigned counsel. Thus, defendant waived the issue (see People v Dukes, 122 AD3d 1370, 1371 [4th Dept 2014], lv denied 26 NY3d 928 [2015]; People v Jones, 79 AD3d 1665, 1665 [4th Dept 2010]; see also People v DeJesus, 240 AD2d 224, 224 [1st Dept 1997], lv denied 90 NY2d 903 [1997]).
Finally, we reject defendant's contention that the court erred in imposing a consecutive sentence on the conviction for "simple" weapon possession (Penal Law § 265.03 [3]). When a defendant is charged with simple possession, "[s]o long as [the] defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon, the possessory crime has already been completed, and consecutive sentencing is permissible" (People v Brown, 21 NY3d 739, 751 [2013]). Contrary to defendant's contention, the evidence is "legally sufficient to establish that he possessed the murder weapon in the [van] on the way to the shooting," and thus the possessory crime was completed before the shooting took place (People v Evans, 132 AD3d 1398, 1399 [4th Dept 2015], lv denied 26 NY3d 1087 [2015]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court