People v Ismael (2022 NY Slip Op 06614)

People v Ismael

2022 NY Slip Op 06614

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

891 KA 20-01385

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SYAF ISMAEL, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered December 11, 2019. The judgment convicted defendant, upon a jury verdict, of aggravated harassment in the second degree and criminal contempt in the first degree. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a]) and criminal contempt in the first degree (§ 215.51 [b] [iii]). The conviction stemmed from two sets of threatening text messages defendant sent to his estranged wife while they were engaged in a Family Court matter. Viewing the evidence in the light most favorable to the People (see People v Williams, 84 NY2d 925, 926 [1994]), we reject defendant's contention that there is legally insufficient evidence to support the conviction with respect to the issue of identity, i.e., that defendant was the person who had sent the text messages (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for review his remaining contentions regarding the legal sufficiency of the evidence (see People v Harper, 132 AD3d 1230, 1230-1231 [4th Dept 2015], lv denied 27 NY3d 998 [2016]), which, in any event, lack merit. Further, viewing the evidence in light of the elements of the crimes as charged to the jury, we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant next contends that Supreme Court erred in allowing a witness to testify at trial that defendant's wife, who did not testify at trial, said shortly after receiving the first set of text messages that "they're from [defendant]." The wife's statement was admitted over objection under the excited utterance exception to the rule against hearsay.
We agree with defendant that, under the circumstances, the court erred in admitting the wife's statement as an excited utterance. That exception applies to a " 'spontaneous declaration or excited utterance—made contemporaneously or immediately after a startling event—which asserts the circumstances of that occasion as observed by the declarant' " (People v Cummings, 31 NY3d 204, 209 [2018] [emphasis added]; see People v Thelismond, 180 AD3d 1076, 1077-1078 [2d Dept 2020], lv denied 35 NY3d 1029 [2020]). It applies to statements "made as a direct result of sensory perception" that express "the true belief of the declarant as to the facts observed" (People v Edwards, 47 NY2d 493, 497 [1979]; see People v Dunaway, 207 AD3d 742, 743-744 [2d Dept 2022]). Assuming, arguendo, that the wife experienced the requisite startling event, we note that the disputed statement did not reflect a fact or circumstance personally observed by the wife, but rather her inferential conclusion as to the author of the messages. It is undisputed that the text messages came from a number not identified as belonging to defendant, and defendant did not identify himself by name as the sender in the messages. Thus, the wife's identification of defendant as the sender was "not a report of [her] [*2]contemporaneous observation, but rather [her] surmise" (Brown v Keane, 355 F3d 82, 89 [2d Cir 2004]).
Nonetheless, we conclude that the error in admitting the statement was harmless inasmuch as the proof of defendant's guilt is overwhelming and there is no significant probability that the jury would have acquitted defendant had the error not occurred (see generally People v Kello, 96 NY2d 740, 744 [2001]; People v Mountzouros, 206 AD3d 1706, 1708 [4th Dept 2022]). Notably, the text messages themselves were written from defendant's perspective, referenced in the first person events and occurrences that happened to defendant, and in context only made sense if written by defendant (see generally People v Mencel, 206 AD3d 1550, 1552 [4th Dept 2022], lv denied 38 NY3d 1152 [2022]; People v Green, 107 AD3d 915, 916 [2d Dept 2013], lv denied 22 NY3d 1088 [2014]). Further, after receiving the first three messages in the first set, defendant's wife responded "Syaf?" i.e., defendant's name, and thus the wife's belief that defendant sent the messages was independently demonstrated even without the disputed portion of the hearsay statement.
Inasmuch as defendant "has completed serving the sentence imposed, his contention that the sentence is unduly harsh and severe has been rendered moot" (People v Anderson, 66 AD3d 1431, 1431 [4th Dept 2009], lv denied 13 NY3d 905 [2009] [internal quotation marks omitted]). Even assuming, arguendo, that defendant's contention is not moot, we would decline to reduce the sentence in the interest of justice (see id.).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court