People v Savino (2025 NY Slip Op 03909)

People v Savino

2025 NY Slip Op 03909

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, DELCONTE, AND HANNAH, JJ.

427 KA 24-00130

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS SAVINO, DEFENDANT-APPELLANT. 

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Steuben County (Jason L. Cook, J.), rendered September 7, 2023. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree, menacing in the second degree and resisting arrest. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), menacing in the second degree (§ 120.14 [1]), and resisting arrest (§ 205.30), arising from incidents in which defendant threatened a neighbor (victim) with a knife and later struggled with police officers who were effectuating his arrest.
Defendant contends that, contrary to the determination of County Court (Watches, J.), the evidence at the suppression hearing established that he was unlawfully arrested without an arrest warrant in violation of Payton v New York (445 US 573 [1980]). We conclude that defendant's contention lacks merit. The record establishes, as defendant acknowledges on appeal, that the police officers approached defendant after he exited his house and, while remaining outside the house, arrested defendant in his unfenced rear yard. We therefore conclude that, in the absence of other circumstances not raised here, there was no Payton violation (see People v Garvin, 30 NY3d 174, 179-186 [2017], cert denied 586 US 814 [2018]; People v Williams, 159 AD2d 743, 743 [2d Dept 1990]; cf. People v Shaw, 229 AD3d 1180, 1183-1184 [4th Dept 2024]; People v Avinger, 140 AD3d 895, 896-897 [2d Dept 2016]; see also People v Rodriguez, 180 AD3d 1343, 1344-1345 [4th Dept 2020], lv denied 35 NY3d 973 [2020]; People v Pope, 113 AD3d 1121, 1122 [4th Dept 2014], lv denied 23 NY3d 1041 [2014]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see People v Roach, 147 AD3d 1423, 1424 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; People v Collins, 63 AD3d 1609, 1610 [4th Dept 2009], lv denied 13 NY3d 795 [2009]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that the jury did not fail to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495). Where, as here, "witness credibility is of paramount importance to the determination of guilt or innocence," we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor (People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014] [internal quotation marks omitted]). Contrary to defendant's assertion, "[t]he jury was entitled to credit the testimony of the People's witnesses, including that of the victim, over the testimony of defendant[ ]," and we perceive no reason to disturb those credibility determinations (People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]; see Roach, 147 AD3d at [*2]1424; Collins, 63 AD3d at 1610).
Inasmuch as defendant has completed serving the sentence imposed, his contention that the sentence is unduly harsh and severe has been rendered moot (see People v Ismael, 210 AD3d 1528, 1529-1530 [4th Dept 2022]; People v Boley, 126 AD3d 1389, 1390 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]). Even assuming, arguendo, that defendant's contention is not moot, we would decline to reduce the sentence as a matter of discretion in the interest of justice (see Ismael, 210 AD3d at 1530).
Finally, we note that both the certificate of disposition and the uniform sentence and commitment form incorrectly reflect that defendant was convicted and sentenced in Steuben County Court, and those documents must therefore be amended to reflect that defendant was convicted and sentenced in Supreme Court, Steuben County (see People v Daniqua S.D., 92 AD3d 1226, 1227 [4th Dept 2012]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court