People v Froebel (2025 NY Slip Op 07179)

People v Froebel

2025 NY Slip Op 07179

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

910 KA 23-00639

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SCOTT W. FROEBEL, DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
VINCENT A. HEMMING, DISTRICT ATTORNEY, WARSAW, FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered April 6, 2023. The judgment convicted defendant upon a plea of guilty of driving while intoxicated, as a class E felony. 
It is hereby ORDERED that said appeal is unanimously dismissed
Memorandum: On appeal from a judgment convicting him upon his guilty plea of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), defendant contends that his sentence is unduly harsh and severe. Because defendant has completed serving the sentence imposed, his challenge to the severity of the sentence has been rendered moot (see People v Savino, 239 AD3d 1452, 1454 [4th Dept 2025]; People v Fulcott, 236 AD3d 1350, 1350 [4th Dept 2025]; People v Ismael, 210 AD3d 1528, 1529-1530 [4th Dept 2022]), and we conclude that the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; People v Parente, 4 AD3d 793, 794 [4th Dept 2004]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court