People v Coffie

2026 NY Slip Op 02525

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

THEODORE E. COFFIE, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

157 KA 23-00570

Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered February 14, 2023. The judgment convicted defendant upon a jury verdict of reckless endangerment in the first degree.

[*1]

It is hereby ORDERED that the appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of reckless endangerment in the first degree (Penal Law § 120.25) stemming from an incident where nine gun shots were fired outside a house toward the street. Defendant contends that the evidence is legally insufficient to establish that he was the shooter or that anyone was in or near the line of fire. Defendant's contention is not preserved for our review, both because his trial order of dismissal motion did not raise the specific grounds he advances on appeal and because he did not renew the motion after presenting evidence (see generally People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The testimony of defendant's girlfriend established defendant's identity as the shooter, and we reject defendant's contention that her testimony was

" 'so unworthy of belief as to be incredible as a matter of law' " (People v Woods, 26 AD3d 818, 819 [4th Dept 2006], lv denied 7 NY3d 765 [2006]; see People v Toran, 229 AD3d 1228, 1229 [4th Dept 2024], lv denied 42 NY3d 1022 [2024]).

The evidence also established that the vehicle defendant arrived in when he went to the house was parked in the street, with a passenger still inside the vehicle, when shots were fired near the vehicle. In addition, a bullet was recovered from a porch directly across the street from the shooting, and the jury could rationally infer that the bullet came from the gun used by defendant in the shooting. Under these circumstances, there is a valid line of reasoning and permissible inferences to enable the jury to find that defendant acted recklessly under circumstances evincing a depraved indifference to human life and created a grave risk of death to a bystander (see People v Collins, 70 AD3d 1366, 1367 [4th Dept 2010], lv denied 14 NY3d 839 [2010]).

Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (id.).

Defendant's contention that he was denied his right to be convicted only on charges determined by a grand jury is not preserved for our review (see People v Hursh, 191 AD3d 1453, 1454 [4th Dept 2021], lv denied 37 NY3d 957 [2021]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant further contends that County Court failed to comply with the procedure for disclosure of jury notes to counsel set forth in People v O'Rama (78 NY2d 270 [1991]). County Court read the jury note at issue into the record in open court in the presence of defendant, defense counsel, and the jury, and thus no mode of proceedings error occurred and defendant was required to object in order to preserve his present contention for review (see People v Nealon, 26 NY3d 152, 160-161 [2015]; People v Kellam, 237 AD3d 1518, 1519 [4th Dept 2025]; People v Wilson, 158 AD3d 1204, 1204-1205 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]), which he failed to do. We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Defendant further failed to preserve for our review his contention that prosecutorial misconduct on summation deprived him of a fair trial (see People v Williams, 233 AD3d 1463, 1465 [4th Dept 2024], lv denied 43 NY3d 1012 [2025]). In any event, to the extent that the prosecutor's remarks were improper, they were "not so pervasive or egregious as to deprive defendant of a fair trial" (People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020] [internal quotation marks omitted]; see People v Hills, 234 AD3d 1311, 1314 [4th Dept 2025], lv denied 43 NY3d 963 [2025]). We reject defendant's further contention that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 146-147 [1981]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; Baldi, 54 NY2d at 147).

Inasmuch as defendant has completed serving the sentence imposed, his contention that the sentence is unduly harsh and severe has been rendered moot (see People v Castellano, 232 AD3d 1305, 1305-1306 [4th Dept 2024]; People v Ismael, 210 AD3d 1528, 1529-1530 [4th Dept 2022]; People v Boley, 126 AD3d 1389, 1390 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]). Even assuming, arguendo, that defendant's contention is not moot, we would decline to reduce the sentence as a matter of discretion in the interest of justice (see Ismael, 210 AD3d at 1530).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court